IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| APEX ABRASIVES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WGI HEAVY MINERALS, INC., WGI HEAVY MINERALS, LLC, and DOE BUSINESS ENTITIES 1-3, inclusive, <br><br> Defendants. | CV-14-37-BU-SEH <br><br> **Findings and Recommendations of United States Magistrate Judge** |

## I. Synopsis

WGI Heavy Minerals, Inc. and WGI Heavy Minerals, LLC (WGI) filed a Motion for Attorney Fees on December 30, 2016, urging the Court to grant them attorney's fees related to the deposition of Mark Gadsby on January 28, 2016, in Gig Harbor, Washington. (Doc. 159) WGI argues that the Court allowed plaintiff Apex Abrasives, Inc. (Apex) to conduct a second deposition of Mr. Gadsby on the condition that Apex pay WGI's reasonable attorney's fees and expenses associated with the deposition. (Doc. 160 at 2) Apex argues that the Court should deny WGI's motion because (1) there is not a reliable record showing that the district court conditioned Apex's conducting a second deposition on it paying WGI's attorney's fees; (2) the district court did not have the authority to impose the condition of

paying WGI's attorney's fees and expenses on it; (3) the Court should not decide this issue until final disposition of ths issue after appeal; and (4) the amount of attorney's fees WGI seeks is unreasonable.

The Court finds (1) that the preponderance of the evidence shows that the district court conditioned Apex's conducting the second deposition of Mr. Gadsby on it paying WGI's reasonable attorney's fees and expenses related to the second deposition; (2) Apex agreed to pay WGI's reasonable attorney's fees and expenses related to the second deposition by choosing to redepose Mr. Gadsby; (3) Rule 54 of the Federal Rules of Civil Procedure allows the Court to decide motions for attorney's fees once judgement has been entered in the case; and (4) that the attorney's fees WGI incurred that it would not have otherwise incurred if Mr. Gadsby had testified at trial are reasonable. Thus, the Court recommends that the district court grant WGI's motion and award them the attorney's fees incurred that it would not have otherwise incurred had Mr. Gadsby testified at trial.

## II. Status

WGI filed their Motion for Attorney Fees on December 30, 2016. (Doc. 159) Apex filed its response brief on January 13, 2017. (Doc. 163) Senior United States District Judge Sam Haddon referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B) on January 17, 2017, to hold all necessary hearings and submit proposed findings and recommendations for disposition. (Doc. 166)  WGI filed

their reply on January 24, 2017. (Doc. 170) The undersigned conducted a motion hearing on January 30, 2017. (Doc. 171) During the motion hearing, the parties requested additional time to attempt to resolve this issue on their own. The parties informed the Court on February 15, 2017, that they were unable to come to an agreement. The motion is ripe for decision.

### III. Facts

Discovery closed in this case on April 3, 2015. (Doc. 24) The case was set for trial on February 23, 2016. (Doc. 64) Apex filed an unopposed motion to continue the trial date on January 12, 2016, because a material witness in the case–Mark Gadsby–would not be available to testify at trial. (Doc. 80) The district court denied the motion on January 13, 2016. (Doc. 83) The district court conducted an off-the-record telephonic conference on January 13, 2016. The parties agree that the district court gave Apex the option to either (1) use the transcript of Mr. Gadsby's first deposition at trial or (2) conduct a second deposition of Mr. Gadsby. (Doc. 140) The parties also agree that the district court conditioned Apex's taking of Mr. Gadsby's second deposition on it agreeing to pay for WGI's expenses associated with the deposition. (Doc. 163 at 2) Yet, the parties have a good faith dispute concerning whether the district court conditioned its authorization on Apex also paying WGI the reasonable attorney's fees it incurred as a result of this deposition. (*Id*) The district court's notes from the telephonic

conference indicate that it intended to condition Apex's taking of the second deposition on it agreeing to pay both expenses and attorney's fees. (Doc. 160-1 at 5) The district court did not issue a written order addressing attorney's fees and expenses following the telephonic conference. At the hearing, WGI's attorney testified he has a clear memory of the telephonic conference, and that his notes indicate that the district court conditioned Apex's taking of the second deposition it agreeing to pay WGI's attorney's fees and expenses. Apex's attorney testified that his notes did not reflect that the district court conditioned Apex's taking of the second deposition of it agreeing to pay attorney's fees but admitted that he has "no recollection either way of whether the [district] [c]ourt affirmatively said attorney's fees or not." (Doc. 171)

## IV. Analysis

WGI argues that the district court allowed Apex to conduct a second deposition of Mr. Gadsby on the condition that Apex pay the its reasonable attorney's fees and expenses associated with the deposition. (Doc. 160 at 2) Apex argues that the Court should deny WGI's motion because (1) there is not a reliable record showing that the district court conditioned Apex conducting a second deposition on it agreeing to pay WGI's attorney's fees; (2) the district court did not have the authority to condition its taking of a second deposition on it agreeing to pay WGI's reasonable attorney's fees and expenses; (3) the Court should not

decide this issue until final disposition of this case, which is currently under appellate review ; and (4) the amount of attorney's fees is unreasonable. (Doc. 163 at 1)

### 1. The district court's order

WGI argues that at the conclusion of the telephonic conference the district court conditioned Apex's taking of a second deposition of Mr. Gadsby on it agreeing to pay WGI's reasonable attorney's fee and expenses if it chose to conduct a second deposition of Mr. Gadsby. Apex disagrees and argues that the lack of a record of the telephonic conference and a written order precludes the district court from granting Defendant's motion. The Court disagrees.

The lack of a written order or a record of the January 13, 2016 telephonic conference creates difficulty in determining what the district court ordered during the conference. Yet, the district court's notes indicate that it intended to condition the second deposition on Apex paying WGI's attorney's fees and expenses, and WGI's attorney testified that his notes indicate that the district court did condition the second deposition on Apex paying WGI's attorney's fees and expenses. When the Court balances this against Apex's attorney's candid admission that has no concrete recollection of whether the district court imposed the attorney's fees condition, the Court finds that the preponderance of the evidence establishes that the district court conditioned the second deposition of Mr. Gadsby on Apex's

paying WGI's reasonable attorney's fees and expenses.

### 2. The district court's authority to award WGI fees and costs.

WGI argues that the district court's broad discretion over discovery matters gives it the authority to condition Apex's taking of a second deposition of Mr. Gadsby on its agreeing to pay WGI's fees and costs associated with the deposition. (Doc. 170 at 5) The Court agrees.

The Federal Rules of Civil Procedure give a party the right to conduct one deposition of a witness in a case. Fed. R. Civ. P 30(a)(2)(A)(ii). If a party wishes to conduct a second deposition of a witness, it must have leave from the court. *Id*. District courts have broad discretion over discovery matters. *In re Arizona,* 528 F.3d 652, 655 (9th Cir. 2008).

Here, the district court gave Apex the option of either using the transcript of Mr. Gadsby's first deposition at trial or redeposing him and paying for WGI's reasonable attorney's fees and expenses it incurred related to the second deposition. The Court finds that the district court had the authority to impose this condition and that Apex agreed to the condition by choosing to redepose Mr. Gadsby.

### 3. Federal Rule of Civil Procedure 54

Apex argues that the Court should not decide this issue until final disposition

of ths issue after appeal. (Doc. 163 at 2) WGI argues that Rule 54 of the Federal Rules of Civil Procedure provides the district court with jurisdiction over motions for attorney's fees and costs. (Doc. 170 at 9) The Court agrees with WGI.

Rule 54 allows courts to decide motions for attorney's fees once a judgement is entered. Fed. R. Civ. P 54. The rule provides a court with three options for handling such motion when a party appeals a judgement on the merits: The district court may (1) rule on the motion, (2) defer until the appeal is final, or (3) dismiss the motion without prejudice. Fed. R. Civ. P. 54 Comments to 1993 Amendment. The Ninth Circuit agrees that a district court may resolve collateral matters like a motion seeking attorney's fees while an appeal is pending. *United States v. Kersting,* 891 F.2d 1407, 1413 (9th Cir. 1989).

Here, the issue of whether WGI is entitled to attorney's fees is collateral to the issues Apex raises on appeal. (Doc. 170 at 10) Thus, the Court finds that the district court may properly rule on WGI's pending motion.

**4. The reasonableness of the amount of fees WGI requests.**

Apex argues that the both the hourly rate and number of hours WGI seeks to be reimbursed for is unreasonable. (Doc. 163 at 4-5) WGI argues that the amount of time it spent preparing for the deposition was reasonable given the importance of Mr. Gadsby's testimony to the case and that the hourly rate sought is reasonable given their attorney's experience and stature in the Montana bar. (Doc. 170 at 8)

WGI's attorney testified under oath at the hearing that the rate of $300 per hour that he charged WGI in this matter is consistent with the rate he charges clients in similar matters. (Doc. 160-2 at 2) Apex's attorney testified under oath at the hearing that a rate of $275 per hour would be reasonable given the complexity of the case and WGI's attorney's experience and ability

The Court finds that, given WGI's attorney's experience and ability and that his fee of $300 per hour is acceptable to his clients, $300 is a reasonable hourly rate. Yet, the Court finds that WGI's attorney would have had to spend just as much time preparing for Mr. Gadsby's testimony if he had testified at trial as he did preparing for his second deposition. The Court also finds WGI's attorney spent just as much time at the second deposition of Mr. Gadsby as he would have spent in the courtroom if Mr. Gadsby had testified at trial. Thus, the Court finds that WGI's attorney's fees should be limited to those fees that WGI would not have incurred if Mr. Gadsby had testified at trial, namely his travel time to the deposition and the time spent conferring with opposing counsel regarding logistics and substantive matters concerning the deposition.

Based on WGI's attorney's billing records, Apex should therefore pay WGI's attorney's fees in the amount of $4,400 based upon 12 hours of travel time and 2.8 hours of communications between counsel for Apex and WGI in relation to Mr. Gadsby's second deposition. The Court notes that WGI's attorney submitted a

bill for 9 hours of travel to the deposition and 6 hours for his return trip. WGI's attorney stated that he spent some time preparing for the deposition during his trip to the deposition. The Court finds that since it is not recommending Apex pay for any of WGI's attorney's preparation time for the deposition, it is reasonable that Apex pay only for 6 hours of travel time for each leg of WGI's counsel's trip, for a total of 12 hours.

## V. Conclusion

WGI seeks reimbursement for the attorney's fees incurred while preparing and attending the second deposition of Mark Gadsby, a critical witness in the above captioned case. Apex argues that WGI is not entitled to attorney's fees because (1) the district court imposed only the condition that it pay for the expenses associated with the deposition; (2) the district court did not have the authority to impose the condition that it pay attorney's fees and expenses for the deposition; (3) the district court should not rule on WGI's motion while Apex's appeal of the judgement is pending; and (4) the amount of the fees is unreasonable.

The Court finds (1) that the district court conditioned Apex's taking of second deposition of Mr. Gadsby on it agreeing to pay WGI's attorney's fees and expenses associated with the second deposition of Mr. Gadsby if Apex chose to redepose him; (2) Apex agreed to pay WGI's reasonable attorney's fees and expenses by choosing to redepose Mr. Gadsby; (3) the district court has

jurisdiction over the collateral issue of attorney's fees while Apex's appeal is pending; and (4) that the attorney's fees incurred by WGI that it would not have incurred had Mr. Gadsby testified at trial are reasonable.

For the above mentioned reasons the Court issues the following findings and recommendations:

The Court finds:

1. The district court conditioned Apex's taking of a second deposition of Mr. Gadsby on it agreeing to pay WGI's reasonable attorney's fees and expenses associated with the second deposition of Mr. Gadsby;

2. Apex agreed to pay WGI's reasonable attorney's fees and expenses associated with the second deposition of Mr. Gadsby by choosing to redepose him;

3. The district court has jurisdiction over the collateral issue of attorney's fees while Apex's appeal is pending; and

4. The attorney's fees incurred by WGI that it would not have incurred had Mr. Gadsby testified at trial are reasonable.

The Court recommends:

The district court grant WGI's motion for attorney's fees but limit the award to $4,400–the amount of fees WGI incurred that they would not have incurred if Mr. Gadsby had testified at trial.

Dated the 3rd day of April, 2017.

_____
John Johnston
United States Magistrate Judge