FILED

MAR 28 2019

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| APEX ABRASIVES, INC., | CV 14–37–BU–DWM |
| Plaintiff, | |
| vs. | ORDER |
| WGI HEAVY MINERALS, INC., WGI HEAVY MINERALS, LLC, and DOE BUSINESS ENTITIES 1-3, inclusive, | |
| Defendants. | |

This case arises out of a dispute between the parties regarding the production and sale of commercial-grade garnet. Plaintiff Apex Abrasives, Inc. ("Apex") alleges that following its construction of a garnet processing facility in Glen, Montana, it was forced to cease operations and liquidate its inventory because WGI Heaving Minerals, Inc. and WGI Heavy Minerals, LLC (collectively "WGI") violated their purchase agreement. WGI objects to Apex's expert disclosure for Julie Fagenstrom[1] and seeks to exclude her from offering expert testimony at trial. (Doc. 208.) Argument on the motion was heard on March 28,

---

[1] The expert's name is spelled both "Fagenstrom" and "Fagenstom" in Apex's disclosure. (*See* Doc. 215.) "Fagenstrom" is used throughout this Order unless directly quoting language from the disclosure.

1

2019. Ultimately, the inadequacy of Ms. Fagenstrom's expert disclosure excludes her expert testimony at trial, but she is permitted to testify as a fact witness.

Parties are required to make their expert disclosures at the time and in the manner ordered by the Court. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). If a party fails to properly disclose this information, the party cannot use the non-disclosed information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molloy, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The parties were reminded of this potential sanction in the Scheduling Order, which states: "An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed." (Doc. 205 at ¶ 9(c).)

Rule 26(a)(2) provides for disclosures by two types of expert: those retained or specifically employed to give expert testimony in a case, Fed. R. Civ. P. 26(a)(2)(B), and those who are not retained or specially employed, but who nonetheless may provide expert testimony, Fed. R. Civ. P. 26(a)(2)(C). An expert who falls into the first category is required to provide an expert report. Fed. R. Civ. P. 26(a)(2)(B). An expert who falls into the second category, however, need only provide disclosures stating both "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705[]

and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

Here, Julie Fagenstrom was disclosed as a non-retained expert under Rule 26(a)(2)(C). While WGI does not dispute that the disclosure adequately states the subject matter of her anticipated testimony, Fed. R. Civ. P. 26(a)(2)(C)(i), it argues the disclosure fails to provide a summary of the facts and her opinions, Fed. R. Civ. P. 26(a)(2)(C)(ii). Ms. Fagenstrom's disclosure states:

> Ms. Fagenstrom provided bookkeeping and accounting services for Apex Abrasives. She is a Nelson family member and it's [sic] not receiving compensation for participating as a witness in this case.
>
> **A. The Subject Matter on Which Ms. Julie Fagenstrom Is Expected to Present Evidence under Federal Rule of Evidence 702, 703, or 705**
>
> 1. Apex Accounting and Ledger Entries
>
> **B. Summary of the Facts and Opinions to Which [Ms. Julie Fagenstrom][2] Is Expected to Testify**
>
> 1. Ms Fagenstrom [sic] will rely on her experience and knowledge as an accountant; and her personal knowledge of Apex' [sic] financial and production records and related exhibits.
> 2. Based on the foregoing, Ms. Fagenstom will testify regarding funds Apex was forced to borrow to sustain operations during the contract period when WGI did not purchase the minimum specified tonnages, which borrowed funds are due and owing to the private lender.
> 3. Based on the foregoing, Ms. Fagenstom will testify regarding the expenditure and loss of invested capital to design, construct, and

---

[2] Apex's disclosure states "Mr. Dirk Nelson" but context clarifies that the disclosure is for Ms. Fagenstrom.

3

> permit the mill. In connection with this testimony she will opine regarding the value of the company and the effect Apex's breach of contract had on that value.
> 4. Based on the foregoing, Ms. Fagenstom will offer opinion testimony regarding the profit Apex could have expected to make on the sale of minimum tonnages specified in the parties' marketing agreement based upon conservative production costs of four cents per pound.
> 5. Based on the foregoing, Ms. Fagenstom will testify regarding revenue generated from the sale of tungsten as a by-product of garnet production and offer opinion testimony regarding the amount of revenue Apex lost because WGI failed to purchase the specified amounts of garnet in the parties [sic] marketing agreement.

(Doc. 215 at 2–3.)

Apex's disclosure is not sufficient under Rule 26(a)(2)(C)(ii). The "disclosure advises the reader that the witness will have opinions in certain areas, but fails to state what the opinions are, and the factual basis for those opinions." *Cooke v. Town of Colo. City*, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013) (emphasis omitted). "An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." *Id.* at *5; *Laslovich v. St. Farm Fire & Cas. Co.*, 307 F.R.D. 533, 536 (D. Mont. 2015). While it is clear what topic areas Ms. Fagenstrom will cover, her opinions and the underlying facts remain unknown. For example, while she is anticipated to testify to revenue from tungsten sales, the

disclosure does not state what the expected revenue was or what her calculation of that revenue is based on.

Because Apex's expert disclosure of Ms. Fagenstrom is not sufficient under the rules, it must be excluded unless Apex can show that its failure was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Apex 's only response has been to maintain the sufficiency of its present disclosure. During oral argument, counsel for Apex stated the proffered calculations walk a fine line between fact and opinion. While he is correct, once Apex decided to notice Ms. Fagenstrom as an expert, it was required to meet the disclosure requirements of Rule 26(a)(2)(C)(ii), which require disclosure of both the opinion at issue and a summary of *the facts upon which it is based*. Ms. Fagenstrom's disclosure includes neither. Counsel also argued that all the underlying data and calculations have been previously disclosed in the course of this proceeding. This ignores Rule 26(a)(2)(C)'s requirement that the disclosure link evidence to opinions. Finally, counsel argued that the record contained sufficient information for WGI to decide whether or not to depose Ms. Fagenstrom. But, "[w]ithout information as to the opinions [Apex's] non-retained expert witnesses are expected to testify to and the main facts on which these opinions are based, [WGI]'s ability to meaningfully depose or cross-examine these witnesses is undermined." *Pineda v. City & Cty. of S.F.*, 280 F.R.D. 517, 523 (N.D. Cal. 2012). As argued by WGI, the inadequate

disclosure has not given WGI a meaningful choice whether to depose Ms. Fagenstrom, but rather mandates a deposition. *See Pineda*, 280 F.R.D. at 523. Based on the foregoing, exclusion is appropriate.

Accordingly, IT IS ORDERED that Apex's motion (Doc. 208) is GRANTED. Ms. Fagenstrom is excluded from offering expert testimony at trial; however, this Order does not prevent her from offering fact testimony at trial.[3]

DATED this 28th day of March, 2019.

Donald W. Molloy, District Judge
United States District Court

---

[3] Given that Ms. Fagenstrom was only disclosed as a fact witness prior to the first trial in this case, (*see* Doc. 66 at 1; Doc. 117 at 31), her testimony would have been similarly circumscribed had she testified in that proceeding.