IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
JUL 25 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| APEX ABRASIVES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WGI HEAVY MINERALS, INC., WGI HEAVY MINERALS, LLC, and DOE BUSINESS ENTITIES 1-3, inclusive, <br><br> Defendants. | CV 14–37–BU–DWM <br><br><br><br> ORDER |

Plaintiff Apex Abrasives, Inc. ("Apex") asks that Defendants WGI Heavy Minerals, Inc. and WGI Heavy Minerals, LLC (collectively "WGI") be compelled to supplement or update their responses to discovery. (Doc. 232.) WGI resists, taking the position that the recent request is untimely and that it is only obligated to supplement up to 2015 (as originally requested) and not beyond. (Doc. 236.) WGI's position is not well taken. The context here is a trial, an appeal, and a reversal by the Ninth Circuit with instructions to re-try the case. Apex is entitled to current financial information in order to do so. The duty to supplement is triggered by information or documents acquired after serving the original disclosure or response, even if the disclosure or response was accurate and timely

1

when made. *See* Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement does not end when discovery ends. *Hernandez v Polanco Enters., Inc.* 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013). Whether evidence disclosed is admissible at trial, or whether it is relevant, is an issue for a later date. At this point, given the history of this case, WGI must supplement its response to Request for Production No. 18 with information current as of the date of this Order.

Accordingly, IT IS ORDERED that Apex's motion to compel (Doc. 232) is GRANTED. WGI must supplement its response to Request for Production No. 18 within 30 days from the date of this Order or otherwise be subject to sanctions under Rule 37.

DATED this 25th day of July, 2019.

_____
Donald W. Molloy, District Judge
United States District Court